## W. R. JOHNSON *vs.* W. SCOTT CORBETT.

*No Contract is Made by the Acceptance of an Offer Which Was Not Intended to Create Legal Relations And Was Indefinite.*

Appeal from the Circuit Court for Washington County (STAKE, J.) *Affirmed.*

Do the several telegrams and letters set out in the record of this case evidence a contract for the sale by the appellee to the appellant of ten car loads of ear corn? This is the only question to be considered. It is a narrow inquiry and its solution is not difficult.

The appellant is a grain dealer in Richmond, Virginia. The appellee is a dealer in hay in Washington County, Maryland, and occasionally purchases and ships corn. In the fall of nineteen hundred and one the appellant made inquiry of the appellee by postal card in reference to the purchase of corn. That inquiry elicited a reply from the appellee in which he quoted "sound new ear corn at two dollars and forty cents

per bbl. for prompt acceptance and shipment." Two days later the appellant wrote offering two dollars and thirty cents per bbl. for ten cars of sound ear corn in good condition. Four days afterwards, or on November the sixth, the appellee wrote stating. "I regret that cannot accept your offer for corn." Clearly up to this point in the negotiations no agreement had been reached, and this the appellant himself admits, for on November the fifth he wrote, "Wire me immediately on receipt of this letter if you accepted my bid on ear corn. I am offered a lot and I will buy if you won't sell me." The appellant had made an offer for a definite quantity of corn at a definite price and the appellee had distinctly declined to accept it. In so declining he rejected every term of the proposal, including the quantity and the price. Then on the ninth of November, after the appellee's declension of November the sixth had been received by the appellant, the latter wrote : "If you will not accept my offer why don't you say what you will sell corn at. You know what you can buy it for and you can name a price on it." This started a new inquiry. It made no reference to quantity whatever and merely asked at what price the appellee would sell, not ten car loads of corn, but corn. It was a request for a quotation on corn, and in reply the appellee wrote on November the fourteenth : "the best price I can now name on good, sound, dry new corn is two dollars and sixty-five cents." This was merely a quotation of the price, but was not an offer to sell any quantity at that price. Upon the receipt of the letter making the quotation just mentioned the appellant wired as follows : "Accept ten cars ear corn two sixty-five ;" and on the same day he wrote : "I wired you this A. M. I would accept ten cars ear corn * * *. I will accept white or mixed corn, but I prefer the white." This was followed by an order to ship two cars of white corn to Richmond. They were not sent nor were any others, and this suit was then brought for a breach of the alleged contract to furnish ten car loads of ear corn.

Now, it will be noticed that the appellee never offered to furnish ten car loads of ear corn, or any other definite quantity. In his letter of November the fourteenth, replying to the one written by the appellant on November the ninth, the

appellee merely named the best price at which he could sell new corn, but he did not offer to sell ten car loads or any other specific quantity. There being no offer on his part to sell ten car loads, or to sell any definite or indefinite quantity, there was no offer which the appellant could accept, and when he wired that he accepted ten car loads at two dollars and sixty-five cents he was in fact not accepting an antecedent offer made by the appellee, but he was really making a new and distinct offer himself. His letter of the same date makes this clear. He states therein : " I will accept white or mixed corn, but I prefer the white." Nothing had been said by the appellee about white or mixed corn, but he spoke of " good, sound, dry, new corn." The appellant was negotiating to buy " white or mixed corn," the appellee had named a price on " good, sound, dry, new corn." The appellant offered to buy ten car loads of ear corn, the appellee nowhere undertook to furnish any definite quantity. There was no agreement as to the quality or the quantity of the corn and it is therefore impossible to say that a contract for the sale of ten car loads of white or mixed corn had been consummated. This is the conclusion reached by the trial Court when it granted an instruction that there was no legally sufficient evidence to establish the contract sued on. That ruling being conclusive of the case there is no need to consider the rejected prayers presented by the appellant.

The judgment which was in favor of the defendant, the appellee here, will be affirmed.

Opinion by McSHERRY, C. J., filed November 20th, 1902.

*Wm. J. Witzenbacher*, for the appellant.
*M. L. Keedy*, for the appellee.